**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**LUFKIN DIVISION**

| | | |
|---|---|---|
| GLENDA K. FROST,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES SECRETARY OF HEALTH & HUMAN SERVICES,<br><br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 9:25-CV-00101-MJT-ZJH<br><br>JUDGE MICHAEL TRUNCALE |

ORDER OVERRULING OBJECTIONS AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On August 27, 2025, the Court referred this case to United States Magistrate Judge Zack Hawthorn for all pretrial matters. Dkt. 12. Pending before the Court are the parties' cross-motions for summary judgment. On January 13, 2026, Plaintiff Glenda K. Frost ("Frost") filed her *Motion for Summary Judgment and Memorandum of Law in Support Thereof*. Dkt. 18. On February 27, 2026, Defendant Robert F. Kennedy, Jr., in his official capacity as the Secretary of the United States Department of Health and Human Services ("Secretary"), filed his *Cross-Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment*. Dkt. 21. All parties filed their replies. Dkts. 22, 24. On September 11, 2026, Judge Hawthorn issued a *Report and Recommendation Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Cross-Motion for Summary Judgment* because the Medicare Appeals Council properly found with substantial evidence that Arikayce is not a "medically accepted indication" or covered drug under Medicare Part D. Dkt. 25.

On September 18, 2026, Frost filed objections to that Report. Dkt. 26. A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(l)(c); FED. R. CIV. P. 72(b)(2)–(3). The court has reviewed *de novo* Judge Hawthorn's *Report and Recommendation* in light of Frost's objections. The Court concludes that Judge Hawthorn's findings and conclusions of law are correct, and that Frost's objections are without merit.

Frost's objections largely consist of the same arguments she makes in her *Motion for Summary Judgment*, but the Court will briefly discuss two of Frost's objections. First, that the Report declined to address Frost's statutory construction argument related to comparison of Medicare Part B to Part D. Dkt. 26, at 5–6. And second, that the Report declined to address Frost's argument that if Arikayce does not qualify as a Part D drug, it renders the Formulary Exceptions Process for Medicare Part D meaningless. *Id.*

As to the first objection, Frost claims that a drug may be covered under Medicare Part B as a "medically accepted indication" because "Part B expressly includes peer-reviewed medical literature," and therefore, creates an inconsistency with Medicare Part D because Part D does not authorize peer-reviewed medical literature under the same Act. Dkt. 26, at 6 (citing 42 U.S.C. § 1395x(t)(2)(B)(ii)(II)). Frost cites *Gustafson v. Alloyd Co.* for the argument that "identical terms in the same statute carry the same meaning." *Id.* (citing *Gustafson v. Alloyd Co.*, 513 U.S. 561, 570 (1995)). Additionally, Frost alleges that the Report's reliance on *United States ex rel King v. Solvay Pharms., Inc.* should not control, as the Fifth Circuit Court of Appeals in that case interpreted the definition of "medically accepted indication" in the Medicaid context. Dkt. 26, at 5 (citing *United States ex rel King v. Solvay Pharms., Inc.*, 871 F.3d 318, 328 (5th Cir. 2017)).

Frost's objection has no merit. As "'[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983). Moreover, Frost's argument that *United States ex rel King* should be distinguished from Medicare Part D is also unavailing. The Court concludes that Judge Hawthorn's reliance on *United States ex rel King* excluding peer-reviewed medical literature from its interpretation of § 1396r-8(k)(6) is correct, even if the case relates to Medicaid only, as that same provision is the incorporated definition of "medically accepted indication" for Medicare Part D drugs. Dkt. 25, at 10–12 (citing *United States ex rel King*, 871 F.3d at 328).

Next, as to the second objection, Frost claims that "if off-label uses not listed in compendia can never qualify as covered Part D drugs, the exceptions process is a nullity." Dkt. 26, at 6. This objection has no merit under the exceptions process of Medicare Part D, as the Report properly concluded that Arikayce is not a covered Medicare Part D drug to begin with. Dkt. 25, at 15; *See* 42 C.F.R. § 423.578 (stating that "[n]othing in this section may be construed to allow an enrollee to use the exceptions processes set out in this section to request or be granted coverage for a prescription drug *that does not meet the definition of a Part D drug*") (emphasis added).

It is therefore ORDERED that Frost's *Objections* [Dkt. 26] are OVERRULED. It is further ORDERED that Judge Hawthorn's *Report and Recommendation* [Dkt. 25] is ADOPTED, Frost's *Motion for Summary Judgment and Memorandum of Law in Support Thereof* [Dkt. 18] is DENIED, and the Secretary's *Cross-Motion for Summary Judgment and Response in Opposition to Plaintiff's Motion for Summary Judgment* is GRANTED [Dkt. 21]. A final judgment will be entered separately, in accordance with the magistrate judge's recommendation.

**SIGNED this 28th day of September, 2026.**

Michael J. Truncale
United States District Judge